IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE WISHNEFSKY, | ) | |
| | ) | Civil Action No. 08-128J |
| Plaintiff, | ) | |
| | ) | Judge Kim R. Gibson/ |
| vs. | ) | Magistrate Judge Lisa |
| | ) | Pupo Lenihan |
| JAWAD A. SALAMEH, M.D. | ) | |
| | ) | |
| Defendant | ) | Doc. No. 43 |

OPINION CLARIFYING REMAINING CLAIMS

Plaintiff is an inmate currently housed at the State correctional institution at Laurel Highlands Pennsylvania. He has filed a complaint alleging a violation of his rights under the Eighth Amendment due to inadequate and/or delayed medical treatment. An amended complaint was filed on August 27, 2008. A second amended complaint was filed on April 23, 2009[1]. Shortly thereafter, a motion to dismiss was filed by the sole defendant, alleging, *inter alia*, that the plaintiff had failed to state a claim of deliberate indifference against Dr. Salameh.

The Court filed a Report & Recommendation on 12/22/09 recommending that the motion be denied with respect to plaintiff's Eighth Amendment claim arising from the alleged delay of plaintiff's medical treatment between May 17, 2007 and May 22, 2007 and granting it in all other respects. Plaintiff has requested discovery which defendant objects to as beyond the scope of the remaining claims. Defendant filed a motion for a clarification of the court's Report & Recommendation, which motion has been granted.

---

[1] All references to plaintiff's complaint will be to the amended complaint.

It is defendant's position that the only allegations in plaintiff's complaint between those dates relates to his claim that blood was not timely drawn for a CBC. According to the complaint, Dr. Robinson ordered blood work on May 17, 2007 but it was not drawn until May 22. After those results were obtained plaintiff was taken to Somerset Hospital. Defendants argue that plaintiff's complaint does not allege any other treatment or lack of treatment during this narrow time frame nor does it include any other theories of liability for the limited time period. The court does not agree with this strict analysis of plaintiff's complaint.

As a pro se litigant plaintiff has the benefit of Haines v. Kerner, 404 U.S. 519 (1972) and its progeny, which provides that courts must liberally construe pro se pleadings. In this case plaintiff has made numerous allegations about the care provided to him in the LTC unit. Admittedly his complaint was focused on the catheter issue, which was dismissed by this court. However, he also makes allegations about Dr. Robinson's lack of authority to admit patients to Somerset Hospital. Amended Complaint ¶ 19, and the fact that he was disoriented and confused and was sent to a psychiatrist. Id. Later in his complaint he avers that his blood pressure was dangerously low and he was suffering from "encepaolopathy" requiring acute-care treatment not available at the LTC unit. Id. at ¶ 47. He further avers that he had a need for prompt acute-care treatment, confirmed by his hospitalization after a 12 day delay. Id. at ¶ 48. Because of this delay, he states that he suffered potential injury to his heart and to his brain, and that the delay in general was deliberately and callously indifferent to his serious medical needs. Id. at ¶ ¶ 49, 50.

It is true that in plaintiff's factual averments he focuses primarily on the catheter and on the lack of the CBC test for the period of five to six days prior to his admission to Somerset Hospital. However, his complaint, when taken as a whole, is more broad than simply the failure to have drawn blood and run a test. It includes an allegation of a policy of not admiting acutely

ill patients directly to a hospital facility and the lack of appropriate personnel and medical testing necessary to complete medical tests in a timely manner. Any information relative to such a policy should be discoverable if it is likely to lead to admissible information. See pgs. 12 and 13 of the R&R.

Plaintiff is not trained in the law and does not have the benefit of having an attorney to represent him. The court is required to liberally construe his complaint. Federal Rule of Civil procedure 26(b)(1) provides: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As previously stated, the court believes that the discovery requested by the plaintiff is relevant to his remaining causes of action. In addition, this case is still in an early stage. The ruling made by the court was not on a summary judgment motion but on a motion to dismiss.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Opinion to file an appeal to the District Judge, which includes the basis for objection to this Opinion. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal may constitute a waiver of any appellate rights.

Dated: April 9, 2010

Lisa Pupo Lenihan
United States Magistrate Judge

cc:  Bruce L. Wishnefsky
     DQ-4829
     SCI- Laurel Highlands

5706 Glades Pike
Somerset, PA 15501


Counsel of Record